64. Two months later, by letter dated March 6, 2010, William R. Wanger, Esquire, counsel to CMI and counsel to the Trustees of the Plan, and counsel to Mr. Moyer responded by providing the Plan, the summary plan descriptions, and the 2008 and 2009 5500's, but also denying certain requests for information and documentation on the basis that CMI and the Plan does not provide those items to Plan participants.

65. In his March 6, 2010 letter, Mr. Wanger also advised that CMI's management was "still working on several matters, and considering several options and alternatives, [and] it was anticipated that within the next ninety days, Clemens Board will be making decisions, and then sending correspondence to its shareholders, informing them as to Clemens' plans for the disposition of the remaining assets of Clemens" and that Vanguard anticipated sending a letter in the next ten days to Plan participants informing them of the Plan's termination.

66. The "Board of Trustees of the Clemens Markets, Inc. Profit Sharing and Retirement Savings Plan" sent a memo dated March 5, 2010 to "401(k) Plan Participants" indicating a "contemplated sale" of the Clemens common stock in the Plan, that is Trust A to CMI, not a liquidation or termination as previously planned and outlined to the Plan participants, and providing a valuation of the Clemens stock at a unit share price of $49.53, and, thus, a total valuation of the 97,897 CMI shares held in Trust A at $1.831 million in March 2010, or another devaluation of the assets of over $500,000.00.

67. This March 5, 2010 letter was the first communication to Plan participants since the Sarbanes Oxley Notice was sent in October 2006, which March 5, 2010 communication was transmitted due to the inquiry of counsel for Mr. Alderfer.

68. Upon information and belief, the new plan for CMI to purchase the Plan's Clemens Stock Fund holdings was not part of CMI's liquidation plan, but was instead devised by CMI to rid itself of the duties and obligations owed to the Trust A Plan participants.

69. By letter dated April 5, 2010, the Plan advised its participants that the scheme to have CMI purchase the Plan's Clemens Stock Fund was now delayed because a major tenant of the CMI Corporate Center was expected to file for bankruptcy protection, which event impacted and required a revised valuation.

70. In this time frame, Clemens Management and Clemens's Board of Director's included Defendant (Jack) Clemens and, also, Defendant, Moyer, who both had and retained fiduciary duties to the Plan participants, including as to Trust A.

71. By letter dated May 10, 2010, and based upon a meeting of counsel for the parties, counsel for Mr. Alderfer requested additional information to understand the situation a little better and answer Mr. Alderfer's questions, which document requests included the identification of Plan Trustees, the Plan Trustees' resolutions, meeting minutes, and communications on the Plan termination and liquidation, CMI stock valuation reports, any real estate appraisals, and again the plan of liquidation for CMI.

72. To date, counsel for CMI, the Plan's Trustees, and the Trustees of Trust A has not provided the full documentation requested and, apparently, takes the position that these documents do not need to be provided to Plan participants, including Mr. Alderfer.

73. Counsel for the parties attempted to identify and negotiate a solution via the retention of an independent trustee to evaluate the Plan and its administration , but these efforts were unsuccessful because the scope and extent of the assessment by the independent trustee was being limited to the current status of the Plan.

## CLASS ACTION ALLEGATIONS

74.     Plaintiff brings this action on behalf of himself and as a class action under the provisions of Rule 23(a), (b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006 who held Clemens Markets, Inc. stock as a component of their investment in this Plan.

75.     Plaintiff Alderfer does not know the exact number of class members because such information is in the exclusive control of Defendants. However, Plaintiff Alderfer believes that there are approximately 500 number of persons in this proposed class, making the class so numerous that joinder of all members is impracticable.

76.     Questions of law or fact common to the class include, but are not limited to:

   a) Whether Defendants have breached their fiduciary duties to the Plan and its participants by failing to prudently and loyally manage the Plan's investment in company stock;

   b) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to protect and preserve Plan assets;

   c) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to monitor the status of the investment in company stock;

   d) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to evaluate the appropriateness of company stock as an investment in the 401(k) portfolio;

e) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to properly monitor and oversee the Plan's appointed administrator;

f) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to establish and monitor procedures of the trustees and failing to provide guidelines or rules to the trustees to prevent any breach of fiduciary duty;

g) Whether Defendants breached their fiduciary duties to the Plan and its participants because they failed to recognize that Jack Clemens and other Trustees had a conflict of interest;

h) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to properly and accurately disclose and communicate to the Plan participants the nature of the company stock investment and the risks of the company stock investment as a component of the participants 401(k) portfolio;

i) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to establish an ongoing oversight and monitoring procedure with regard to the status of Plan assets;

j) Whether Defendants breached their fiduciary duties to the Plan and its participants by solicitation of Plan participants to invest in company stock;

k) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to recognize conflicts of interest or bias because Clemens Market, Inc's corporate officials were also Trustees of the Plan and Trust A;

l) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to provide Mr. Alderfer, as a representative Plaintiff, with documents that he requested including, but not limited to, summary plan descriptions, 5500

        filings, the CMI liquidation plan, an accounting for the Plan, and an explanation as to why the Plan assets had not yet been liquidated;

m) Whether Defendants breached their fiduciary duties to the Plan and its participants by failing to make proper distributions at the required times;

n) Whether Mr. Alderfer and Plan participants are entitled to a full and complete accounting with respect to the value of Trust A, or the Clemens Stock Fund;

o) Whether Mr. Alderfer and Plan participants are entitled to injunctive relief in the form of an Order requiring Defendants to take corrective action;

p) Whether Mr. Alderfer and Plan participants are entitled to an Order directing removal of the Plan Trustees who have conflicts of interest;

q) Whether Mr. Alderfer and Plan participants are entitled to an Order requiring the appointment of an independent fiduciary;

r) Whether any or all of the Defendants should be held personally liable for losses suffered by the class members under ERISA § 1109;

s) Whether Mr. Alderfer and Plan participants, in accordance with ERISA, are entitled to restitution, interest, lost profits and lost earnings on the decreased monetary value;

t) Whether Mr. Alderfer and the Plan participants are entitled to reimbursement of attorneys' fees, costs and expenses in pursing this matter.

77. The claims of Plaintiff Alderfer, as the representative plaintiff, are typical of the claims of the class. Plaintiff is a 401(k) plan participant who, under Trust A, holds Clemens Market, Inc. stock as an investment in his Clemens Market, Inc. Retirement Savings and Profit Sharing Plan 003 since September 1, 2006.

78. Plaintiff Alderfer, as the representative plaintiff, will fairly and adequately assert and protect the interest of the class. Plaintiff has no conflict of interest that will interfere with the maintenance of this class action. Plaintiff has hired attorneys who are competent and experienced in prosecuting class action claims and who will adequately represent the interests of the class.

79. The common questions of law and fact set forth above predominate over any question affecting only individual class members.

80. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The class is readily definable and is one for which records should exist in the files of Defendants. Prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate a claim such, as is asserted in this Complaint. This proposed class action presents no difficulties of management that would preclude its maintenance as a class action.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ENFORCEMENT OF ERIS RIGHTS

81. Plaintiffs, through and with counsel, have attempted to exhaust their administrative remedies by not only communicating with the Plan's counsel, but also with discussing the prospects for rectifying the situation, but to no avail.

82. Moreover, ERISA law does not require a Plan participant to exhaust his administrative remedies prior to the pursuit of litigation for breach of fiduciary duty.

83. The Plan itself permits and outlines a Plan participant's ability to enforce its rights under ERISA via the filing of a suit in Federal Court. 2010 SPD at p. 25.

## COUNT I – BREACH OF FIDUCIARY DUTY §1132(a)(2)

84. Plaintiff adopts and incorporates by reference the averments contained in paragraphs 1 through 83 above as though the same were set forth at length herein.

85. Under ERISA and the Plan, all fiduciaries of the Plan must act solely in the interests of the participants and their beneficiaries with the exclusive purpose of providing benefits to them.

86. All of the Defendants were fiduciaries under the Plan who at all times pertinent hereto and continuing through this date owed duties, including but limited to of loyalty and care, prudence, disclosure, and to monitor the Plan and its participants.

87. Under ERISA §1109, a fiduciary who breaches any duty, responsibility, or obligation imposed by the Plan "shall be personally liable to make good to such plan any losses to the plan..."

88. Based upon the facts and information outlined above, and subject to discovery and investigation, Defendants have breached their fiduciary duties to the Plan and its participants as follows:

    a. Failing to prudently and loyally manage the Plan's investment in company stock and to protect and preserve Plan assets, including but not limited to the failure to monitor the status of this investment and its appropriateness as an investment in the 401(k) portfolio;

b. Failing to properly monitor and oversee the Plan's appointed administrator(s) and fiduciaries, including establishing and monitoring procedures, guidelines or rules to prevent or avoid any breach of a duty, including any conflict of interest;

c. Failing to properly and accurately disclose and communicate with and to the Plan participants as to the company stock investment, its valuation, its risks, and other aspects of handling this investment as a component of the 401(k) portfolio;

d. Failing to take any affirmative action to establish an ongoing oversight, monitoring, and investigations as to the status of the Plan assets and to take appropriate steps to protect and preserve Plan assets;

e. Failing to recognize and prevent breaches by other fiduciaries of their duties of prudence, loyalty, and care in the handling of the Plan and its investments;

f. Failing to properly and accurately disclose the nature of the company stock investment to the Plan and its participants and other necessary and material information as well as engaging in solicitation of Plan participants to invest in company stock;

g. Failing to establish, implement, maintain, monitor and even consider any policy, procedure, or protocol to avoid, prevent, and minimize any conflict of interest or bias given the interconnection between CMI's corporate officials and their status as shareholders and Trustees, inter alia.

22

    h.    Other breaches of fiduciary duties and acts and omissions to be discovered upon a review and analysis of information and documents uncovered or conducted as this action is pursued.

    i.    Failing to comply with Plaintiff's requests as set out in paragraphs 63 and 71.

89.    As a direct and proximate result of the breaches of fiduciary duty, and other acts and omissions, Mr. Alderfer and other Plan participants similarly situated have suffered a loss in the value of their retirement savings in the form of decreased monetary value of their Clemens Stock Fund holdings together with loss of interest, lost profit, further earnings on that decreased monetary value, and other income to be determined.

90.    As a direct and proximate result of the breaches of fiduciary duty, and other acts and omissions, Mr. Alderfer and other Plan participants similarly situated have been caused to incur costs, expenses, and attorneys' fees in investigating, evaluating, and pursuing the Plan and its Trustees with respect to the matters outlined herein.

91.    Accordingly, Mr. Alderfer and other Plan Participants, in accordance with ERISA, herein seek and are entitled to the following:

    a.    A full and complete accounting with respect to the value of Trust A, the Clemens Stock Fund, along with the production of documents needed in order to properly and fully assess that accounting;

    b.    Restitution in the form of the full value of the benefit of the Clemens Stock Fund together with interest, lost profit, further earnings on that decreased monetary value, and other income to be determined;

c. Injunctive relief in the form of an order or consent decree requiring Defendants to take corrective action to amend its past acts, omissions, and errors and to take steps to avoid such practices and issues in the future;

d. Removal of those Trustees that have conflicts of interest and/or are responsible for that past acts, omissions, and errors, including the appointment of an independent fiduciaries with the full cost to be assumed and borne by CMI.

e. Payments and reimbursement of any and all attorneys' fees, costs, and expenses incurred in pursuing this matter and this legal action; and,

f. Any other relief, equitable or otherwise, deemed appropriate by this Court or that may be necessary to address and correct any act, omission, practice, violation, breach, or other problem outlined herein or to be discovered.

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendants and that this Court award the relief outlined above.

### COUNT II – BREACH OF FIDUCIARY DUTY §1132(a)(3)

92. Plaintiff adopts and incorporates by reference the averments contained in paragraphs 1 through 91 above as though the same were set forth at length herein.

93. Under ERISA and the Plan, all fiduciaries of the Plan must act solely in the interests of the participants and their beneficiaries with the exclusive purpose of providing benefits to them.

94. All of the Defendants were fiduciaries under the Plan who at all times pertinent hereto and continuing through this date owed duties, including but limited to of loyalty and care, prudence, disclosure, and monitor, to the Plan and its participants.

95. Under ERISA §1109, a fiduciary who breaches any duty, responsibility, or obligation imposed by the Plan "shall be personally liable to make good to such plan any losses to the plan..."

96. Based upon the facts and information outlined above, and subject to discovery and investigation, Defendants have breached their fiduciary duties to the Plan and its participants as follows:

   a. Failing to prudently and loyally manage the Plan's investment in company stock and to protect and preserve Plan assets, including but not limited to the failure to monitor the status of this investment and its appropriateness as an investment in the 401(k) portfolio;

   b. Failing to properly monitor and oversee the Plan's appointed administrator(s) and fiduciaries, including establishing and monitoring procedures, guidelines or rules to prevent or avoid any breach of a duty, including any conflict of interest;

   c. Failing to properly and accurately disclose and communicate with and to the Plan participants as to the company stock investment, its valuation, and other aspects of handling this investment as a component of the 401(k) portfolio;

d. Failing to take any affirmative action to establish an ongoing oversight, monitoring, and investigations as to the status of the Plan assets and to take appropriate steps to protect and preserve Plan assets;

e. Failing to recognize and prevent breaches by other fiduciaries of their duties of prudence, loyalty, and care in the handling of the Plan and its investments;

f. Failing to properly and accurately disclose the nature of the company stock investment to the Plan and its participants and other necessary and material information as well as engaging in solicitation of Plan participants to invest in company stock;

g. Failing to establish, implement, maintain, monitor and even consider any policy, procedure, or protocol to avoid, prevent, and minimize any conflict of interest or bias given the interconnection between CMI's corporate officials and their status as shareholders and Trustees, inter alia.

h. Other breaches of fiduciary duties and acts and omissions to be discovered upon a review and analysis of information and documents uncovered or conducted as this action is pursued.

97. As a direct and proximate result of the breaches of fiduciary duty, and other acts and omissions, Mr. Alderfer and other Plan participants similarly situated have suffered a loss in the value of their retirement savings in the form of decreased monetary value of their Clemens Stock Fund holdings together with loss of interest, lost profit, further earnings on that decreased monetary value, and other income to be determined.

98. As a direct and proximate result of the breaches of fiduciary duty, and other acts and omissions, Mr. Alderfer and other Plan participants similarly situated have been caused to incur costs, expenses, and attorneys' fees in investigating, evaluating, and pursuing the Plan and its Trustees with respect to the matters outlined herein.

99. Accordingly, Mr. Alderfer and other Plan Participants, in accordance with ERISA, herein seek and are entitled to the following:

   a. A full and complete accounting with respect to the value of Trust A, the Clemens Stock Fund, along with the production of documents needed in order to properly and fully assess that accounting;

   b. Restitution in the form of the full value of the benefit of the Clemens Stock Fund together with interest, lost profit, further earnings on that decreased monetary value, and other income to be determined;

   c. Injunctive relief in the form of an order or consent decree requiring Defendants to take corrective action to amend its past acts, omissions, and errors and to take steps to avoid such practices and issues in the future;

   d. Removal of those Trustees that have conflicts of interest and/or are responsible for that past acts, omissions, and errors, including the appointment of an independent fiduciaries with the full cost to be assumed and borne by CMI.

   e. Payments and reimbursement of any and all attorneys' fees, costs, and expenses incurred in pursuing this matter and this legal action; and,

   f. Any other relief, equitable or otherwise, deemed appropriate by this Court or that may be necessary to address and correct any act, omission,

practice, violation, breach, or other problem outlined herein or to be discovered.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants and that this Court award the relief outlined above.

Respectfully submitted,

**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, PC**

By: _____
Edward Rubin, Esquire
PO Box 1479
375 Morris Road
Lansdale, Pennsylvania
215-661-0400
215-661-0315 (fax)
erubin@hrrml.com

and,

**BOWEN & BURNS**

By: _____
Michael J. Burns, Esquire
PA Atty. ID No. 62088
530 Street Road
Southampton, PA 18966
215-322-9030
215-322-9308 (fax)
mjburnslaw@verizon.net

**Attorney for Plaintiffs**