IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD ALDERFER, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CLEMENS MARKETS, INC. | : | |
| RETIREMENT SAVINGS AND | : | |
| PROFIT SHARING PLAN 003, et al., | : | No. 10-4423 |
| Defendants. | : | |

**ORDER**

AND NOW, this **15th** day of **December, 2011**, upon consideration of Plaintiff's uncontested Omnibus Motion for Class Certification, Appointment of a Class Representative, Appointment of Counsel for the Class, Preliminary Approval of Settlement Agreement and Approval of Notice, it is hereby **ORDERED** that the motion (Document No. 24) is **GRANTED** as follows:

1. **Introduction** - This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), with respect to the Clemens Markets, Inc. Retirement Savings And Profit Sharing Plan 003 (the "Plan"). The terms of the Settlement are set out in the Stipulation of Settlement (the "Stipulation"), executed by counsel on behalf of the Plaintiff and the Defendants.[1]

2. **Class Findings** - Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.

as to the "Settlement Class" defined below, in that:

(a) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(l), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiff are typical of the claims of the Settlement Class.

(d) The Court preliminarily finds, for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(4), that the Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiff and the members of the Settlement Class; and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e) The Court preliminarily finds for purposes of settlement only that, as

     required by Fed. R. Civ. P. 23(b)(l)(A), the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action.

  (f)  The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions, and (iii) have committed the necessary resources to represent the Settlement Class.

3.  **Class Certification** - The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies solely for purposes of settlement only the following class under Fed. R. Civ. P. 23(b)(l)(A) (the "Settlement Class"):

> Excluding Defendants, all persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006, who held Clemens Markets, Inc. stock, directly or through the Clemens Markets Company Stock Fund, as a component of their investment in the Plan.

The Court appoints the Plaintiff as representative for the Settlement Class and Class Counsel as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Stipulation shall not

constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule.

4. **Preliminary Findings Regarding Proposed Settlement** - The Court preliminarily finds that: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiff's claims; (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Stipulation under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5. **Fairness Hearing** - A hearing is scheduled for **Friday, March 16, 2012** at **10:00 a.m.** in Courtroom 13B (the "Settlement Fairness Hearing") to determine, among other things:

    (a)    Whether the Settlement merits final approval as fair, reasonable and adequate;

    (b)    Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

    (c)    Whether the notice method proposed by the Parties: (i) constitutes appropriate notice pursuant to Fed. R. Civ. P. 23(c)(2)(A); (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

    (d)    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

    (e)    Whether the proposed Plan of Allocation should be approved; and

    (f)    Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiff is fair and reasonable and should be approved.

6. **Class Notice** - The Plaintiff has presented to the Court a proposed form of Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately: (a) describes the terms and effect of the Stipulation, the Settlement

and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards up to $12,500 for the Named Plaintiff for his service in such capacity, (c) gives notice to the Settlement Class of the time and place of the Settlement Fairness Hearing, and (d) describes how the recipients of the Notice may object to any of the relief requested. The Plaintiff has proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

(a)  No later than ten days from the date of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. The names and addresses Class Counsel obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement.

7.  **Objections to Settlement** - Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Award for the Named Plaintiff may file an objection. An objector must file with the Court Clerk a statement of his, her, or its objection(s), demonstrating by evidence that he, she, or

it is a member of the Settlement Class and specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or to introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the Court,
United States District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106

*To Class Counsel:*

HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, PC
Attn: Steven B. Barrett, Esq.
PO Box 1479
375 Morris Road
Lansdale, PA 19107

BOWEN & BURNS
Attn: Michael J. Burns, Esq.
530 Street Road
Southampton, PA 18966

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than **Wednesday, February 15, 2012**. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above

and file it with the Court by no later than **Wednesday, February 15, 2012**. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

8. **Appearance at Fairness Hearing** - Any objector who files and serves a timely, written objection in accordance with the requirements above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel (at the addresses set out above) and file it with the Court Clerk by no later than **Wednesday, February 15, 2012**. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except by Order of the Court for good cause shown.

9. **Notice Expenses** - The expenses of printing and mailing all notices required hereby shall be paid from the Settlement Fund.

10. **Service of Papers** - Class Counsel shall promptly furnish Defendants' Counsel with copies of any and all objections that come into their possession.

11. **Termination of Settlement** - This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties reached a settlement, if the Settlement is terminated in accordance with the terms of the Stipulation.

12. **Use of Order** - This Order is not admissible as evidence for any purpose against Plaintiff or Defendants in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Stipulation is terminated. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in the Stipulation or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth

of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

13. **Final Papers** - All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and expenses by Class Counsel shall be filed no later than ten days before the Settlement Fairness Hearing.

14. **Jurisdiction** - The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

BY THE COURT:

**Berle M. Schiller, J.**