needs to be scanned (Thanks!)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ALDERFER AND ALL THOSE SIMILARLY SITUATED CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN, TRUST A, PARTICIPANTS | |
| Plaintiffs | Civil Action No. 10-4423 |
| v. | CLASS ACTION |
| CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN 003; et al. | |
| Defendants | |

## NOTICE OF CLASS ACTION DETERMINATION AND PROPOSED SETTLEMENT

**WHY WAS I SENT THIS NOTICE:** You have been mailed this Notice because you were a participant in the Clemens Markets, Inc. 401(k) Plan, Trust A, which Plan held Clemens Markets, Inc. stock as a part of your investment in this Plan since September 1, 2006. Although you may no longer be a participant or maintain an account in this 401(k) Plan, and although the Plan has been terminated and no longer owns any Clemens Markets, Inc. stock, you may be entitled to share in a sum of money that may be paid to you as part of a proposed settlement. Please read the rest of this Notice to learn how you may recover that share for you and to learn about submitting a claim or objecting to the settlement.

**WHAT IS THIS LAWSUIT ABOUT:** The lawsuit claims that the Defendants, Jack Clemens; Robert Derstine; Robert M. Lavin; Gerald R. Spencer; and Douglas C. Moyer, who were Trustees of the Clemens Markets, Inc. 401(k) Plan, Trust A, breached certain fiduciary duties under the Employee Retirement Income Security Act (ERISA). The lawsuit alleged breach of fiduciary duty under ERISA with respect to the handling and monitoring of the Plan's investment in Clemens Markets, Inc.'s stock and failure to take appropriate steps to protect this Plan's assets, which resulted in Clemens Markets, Inc.'s stock becoming dependent on a significantly decreasing value of real estate owned by Clemens Markets, Inc. The lawsuit further alleged that the Trustees of the Plan failed to keep Plan participants, such as yourself, properly informed of the status and nature of your investment in Clemens Markets, Inc.'s stock. . Finally, the lawsuit claims damages for the loss of value of your investment in the Clemens Markets, Inc. stock fund.

Defendants, Clemens, Derstine, Lavin, Spencer and Moyer, as Trustees of the Plan, deny these claims and allegations, deny that they had committed any violations of ERISA or any other law, assert that such claims and allegations are unfounded and without merit, and deny all

{00829125;v1}

charges of wrongdoing or liability. Defendants further deny that the participants in the Plan suffered any damage for which they are responsible.

Counsel for the Class, and counsel for the Trustees have agreed to a proposed settlement of the lawsuit, the terms of which are summarized in this Notice. On _____, 2011, the Court preliminarily approved the settlement of the lawsuit. The Court also conditionally certified the following "Class" for settlement purposes:

> Excluding Defendants, all persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006, who held Clemens Markets, Inc. stock as a component of their investment in this Plan.

The Court ruled that this Notice should be sent out to all members of the Class. The Court did not rule on any of the parties' claims. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by either side.

**WHAT IS THE SETTLEMENT:** The terms of the settlement, which will become effective only if approved by the Court, are set forth in detail in the Settlement Agreement dated _____, which has been filed with the Court. The principal terms and conditions of the Settlement Agreement are summarized below:

The Defendant Trustees have agreed to pay Six Hundred Forty-Two Thousand Five Hundred Dollars ($642,500.00) to settle all claims for persons who owned Clemens Markets, Inc. stock, either directly or indirectly, in their individual Plan accounts. From this amount, it would be necessary to pay attorneys' fees, as approved by the Court, costs of administration, a Five Thousand Dollar ($5,000.00) contribution toward the cost of an independent fiduciary, cost of printing and mailing these Notices, Court costs and reimbursement of costs due Hamburg, Rubin, Mullin, Maxwell & Lupin and Bowen & Burns, and reimbursement to Plaintiff, Gerald Alderfer, who paid the initial retainer fee to the attorneys of Seven Thousand Five Hundred Dollars ($7,500.00), and a Five Thousand Dollar ($5,000.00) incentive award to Mr. Alderfer, as Class Representative, which amount has be to approved by the Court. If all holders of shares are found and participate, they will receive six dollars and eighty-two cents ($6.82) (reduced by attorneys' fees, expenses and costs) for each share of Clemens Markets, Inc. stock that the Plan owned and that was allocated to your account.

In order to determine the number of shares of Clemens Markets, Inc. stock that your Plan account owned as of the date of termination of the Plan on September 30, 2010, multiply the number of units of Clemens Stock Fund that you held on that date times 2.61695 (the conversion factor). For any class member who received a distribution before the Plan termination date (September 30, 2010), please contact (Notice Administrator) for the conversion factor to use to determine the number of shares of Clemens Markets, Inc. stock.

{00829125;v1}  2

You are **NOT** personally responsible to pay attorneys' fees, fiduciary fees, incentive fees or other costs or expenses in connection with the settlement. Any such fees or costs will be awarded by the Court and will be deducted from the settlement fund.

**HOW WILL THE SETTLEMENT FUND BE DISTRIBUTED**: If the settlement is approved by the Court and becomes effective, the Settlement Fund, after the deduction of Court approved fees and expenses, will be distributed on a per share basis to members of the Class who are found and have filed accepted Proof of Claim forms. It is possible, but not probable, that each share of stock will receive more than Six Dollars and Eighty-Two Cents ($6.82) per share (less attorneys' fees, expenses and costs) if stockholders owning less than 94,147.637 shares are not found or fail to submit valid Claim Forms. Then the Class Members would share any excess money available in the Settlement Fund that was not claimed by persons participating in the Plan, on a pro rata basis.

**HOW DO I SUBMIT MY CLAIM FORM**: The Claim Form is attached to this Notice. To submit a claim and be eligible to share in the Settlement Fund, you must complete and mail the Claim Form to the address set forth on the Claim Form. The Claim Form must be postmarked on or before _____, 2011.

**WHAT CLAIMS AM I RELEASING**: If the settlement is approved, you will release your claims under the Employment Retirement Income Security Act (ERISA) for breach of fiduciary duty by the Trustees with respect to the handling and monitoring of the Plan's investment in Clemens Markets, Inc. stock. If approved by the Court, every member of the Settlement Class will be bound to the settlement and Release. The terms of the Release would permanently bar and enjoin every member of the Settlement Class, and every member of the Settlement Class' predecessors, successors, agents, representatives, attorneys and affiliates, and any heirs, executors, administrators, successors and assigns from asserting, instituting or bringing any cause of action against the Defendant Trustees in state of federal court. If the Court approves the settlement and enters an Order and Final Judgment, then every member of the Settlement Class shall be deemed to have fully, finally and forever released, relinquished and discharged all of the Defendant Trustees for all claims, whether they be currently unsuspected, unknown or partially known, even if the Releasor does not know or did not know or suspect to exist, a claim in his or her favor at the time of executing the Release, which if had been known by him or her, would or may have materially affected a settlement with the Defendant Trustees.

**HOW CAN I STAY IN THE CLASS AND SHARE IN THE SETTLEMENT FUND:**

If you are a member of the Class, you need not do anything if you desire to remain a member. You will share in the Settlement Fund proceeds, <u>provided you complete and mail a Proof of Claim form to the address set forth in the Claim Form</u>. The Proof of Claim Form is attached to this Notice. **YOU HAVE A RIGHT TO OBJECT TO THE SETTLEMENT, BUT YOU CANNOT BE EXCLUDED FROM THE CLASS IF THE SETTLEMENT IS APPROVED BY THE COURT.** If you do not object to the settlement: (1) you may share in the proceeds of the Settlement Fund; (2) your rights in this litigation will be represented by Class Counsel; and (3) you will be bound by the judgment entered in this litigation, whether favorable or not.

Class Counsel are:

Michael J. Burns, Esquire
BOWEN & BURNS
530 Street Road
Southampton, PA 18966

Steven B. Barrett, Esquire
HAMBURG, RUBIN, MULLIN,
 MAXWELL & LUPIN, P.C.
375 Morris Road
Lansdale, PA 19446

If you wish, you may enter an appearance in the lawsuit through your own counsel at your own expense. As a member of the Class, you will not be personally responsible for any attorneys' fees or costs of litigation or expenses of administering the Settlement Fund, unless you retain your own counsel, in which case you may be responsible for his or her fees.

**In order to share in the Settlement Fund, you must completed and mail your Proof of Claim form to the address set forth in the Claim form by _____, 2011. The Proof of Claim Form is attached to this Notice.**

**HOW ARE ATTORNEYS' FEES AND EXPENSES PAID:** In connection with the Settlement, Class Counsel will ask the Court to pay attorneys' fees, expenses and an incentive award of Five Thousand Dollars ($5,000.00) to the Class Representative from the Settlement Fund. In addition, Class Counsel will ask the Court to reimburse from the Settlement Fund a retainer fee of Seven Thousand Five Hundred Dollars ($7,500.00) which was paid by Gerald Alderfer, the Class Representative. Class Counsel have pursued this litigation and have advanced expenses to the Plaintiff and the Class, without receiving any compensation for their services. They have done so on the understanding that, if they obtained a recovery, their expenses would be reimbursed and they would receive fees from the Fund recovered. Class Counsel will apply for an award of attorneys' fees and expenses. The attorneys' fees requested shall not exceed the sum of One Hundred Ninety-Two Thousand Seven Hundred Fifty Dollars ($192,750.00) which is 30% of the total recovery, plus the incentive award for the Class Representative, reimbursement of retainer fee to the Class Representative, court costs, Five Thousand Dollars ($5,000.00) cost toward the fee of the independent fiduciary, and costs of administration, which include printing, mailing, notice, preparation of tax forms, withholding of taxes, accounting and mailing of settlement checks to each Class Member.

**WHEN AND WHERE IS THE SETTLEMENT/FAIRNESS HEARING:** The Court has directed that a Settlement Hearing (Fairness Hearing) on the proposed settlement be held before the Honorable Berle M. Schiller, of the United States District Court, in Room 13613, at the United States Courthouse, 601 Market Street, Room 13613, Philadelphia, Pennsylvania 19106 on _____, 2011, commencing at \_\_\_\_\_ A.M./P.M. to determine whether the proposed settlement is fair, reasonable and adequate and should be approved, and to consider related matters, including the fairness of the proposed plan of distribution of the Settlement Fund, the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and the request for an incentive award to the named plaintiff. Without further written notice to the Class, the Court may adjourn and reconvene the Settlement Hearing from time to time by oral announcement. Also, without further notice, the Court may approve the Settlement Agreement and the plan for distribution with or without

{00829125;v1}                                                4

modification and may enter, accordingly, a Final Order and Judgment dismissing this action as to the settling Defendant Trustees.

**RIGHT TO BE HEARD:** Any Class Member may appear at the Settlement Hearing in person or by counsel, if an appearance is filed and served as hereinafter provided, and be heard to the extent allowed by the Court in support, or in opposition to, the settlement, the proposed plan of distribution, the request for an award of attorneys' fees and reimbursement of expenses or the request for an incentive award to the named plaintiff. However, no person shall be heard in opposition thereof and no papers or briefs submitted by any such person will be accepted or considered unless, on or before _____, 2011, such person: (a) has filed with the Clerk of this Court a Notice of Intention to Appear, together with a statement of the basis for opposition or objection and any supporting documentation, including evidence indicating that he or she is a member of the Class; and (b) has served copies of such notice, statement and documentation, together with copies of any other papers or briefs filed with the Court, either in person or by mail, upon the following counsel:

| | |
|---|---|
| Michael J. Burns, Esquire | Steven B. Barrett, Esquire |
| BOWEN & BURNS | HAMBURG, RUBIN, MULLIN, |
| 530 Street Road | MAXWELL & LUPIN, P.C. |
| Southampton, PA 18966 | 375 Morris Road |
| | Lansdale, PA 19446 |

Unless the Court otherwise directs, no Class Member shall be entitled to object to the approval of the settlement, the plan of distribution, the request for any award of attorneys' fees and expenses, the request for an incentive award, the judgment to be entered herein, or otherwise to be heard, except by serving and filing written objections, as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall be forever barred from raising such objection in this or in any other proceeding concerning the settlement.

**ADDITIONAL INFORMATION:** This Notice contains a summary of the litigation, the proposed settlement, and related matters. For more detailed information, you or your attorney may examine the Settlement Agreement, as well as the pleadings and other documents filed in this action at the Office of the Clerk of the Federal Court for the Eastern District of Pennsylvania located at 601 Market Street, Philadelphia, Pennsylvania 19106, during regular business hours.

Inquiries may be directed, in writing, to Class Counsel, at the addresses shown above. You may also wish to consult with your own attorney, at your own expense.

Dated: _____

{00829125;v1}

5