IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ALDERFER AND ALL THOSE SIMILARLY SITUATED CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN, TRUST A, PARTICIPANTS<br><br>                   Plaintiffs<br><br>v.<br><br>CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN 003; et al.<br><br>                   Defendants | **Civil Action No. 10-4423** |

### PLAINTIFFS' UNCONTESTED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, by and through their counsel, hereby file this Motion for Final Approval of Settlement Agreement and in support thereof aver the following:

1. Plaintiff Gerald Alderfer, a former employee of Clemens Markets, Inc., a defunct Pennsylvania supermarket chain, filed the Complaint in this matter on September 1, 2010 pursuant to Section 502 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1132, against Defendants.

2. By Order dated December 23, 2010, this Court dismissed Plaintiff's claims against Defendant Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003 and Plaintiff's claims brought pursuant to ERISA § 502(a)(3). The remaining Defendants filed an Answer to the Complaint on January 6, 2011.

3. On February 4, 2011, the remaining Defendants filed a Motion for Summary Judgment as to all of Plaintiff's remaining claims and subsequently sought a stay of discovery.

4. By Order date February 17, 2011, the Court denied the Motion for Summary Judgment without prejudice and directed discovery to proceed.

5. During the course of discovery, and after Defendants' production of numerous documents and data in addition to the testimony and documents previously produced in connection with the Motion for Summary Judgment, the parties engaged in arms-length settlement negotiations.

6. The parties engaged in an in-person settlement meeting at the offices of Defendants' counsel on June 13, 2011, which failed to result in settlement.

7. Thereafter, on June 16, 2011, the parties conducted a follow-up teleconference and orally reached an agreement in principle to settle.

8. On December 2, 2011, Plaintiff Alderfer filed an uncontested Omnibus Motion to the Court, which sought class certification, appointment of a class representative, appointment of class counsel, preliminary approval of the settlement agreement and approval of notice.

9. On December 16, 2011, the Court entered an Order which granted the Omnibus Motion and preliminarily approved the parties' proposed Stipulation of Settlement. A true and correct copy of the Court's December 16, 2011 Order is attached hereto and incorporated herein as Exhibit "A."

10. For the reasons more fully set forth in the Memorandum of Law, being filed simultaneously with the instant Motion, Plaintiffs request that this Court give final approval to the Stipulation of Settlement.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court grant their Motion for Final Approval of Settlement Agreement and enter an Order in the form attached hereto.

_____
Steven B. Barrett
HAMBURG, RUBIN, MULLIN,
    MAXWELL & LUPIN, P.C.
375 Morris Road
Lansdale, PA 19446
(215) 661-0400

_____
Michael J. Burns
BOWENS & BURNS
530 Street Road
Southampton, PA 18966
(215) 322-9030

*Co-Lead Class Counsel*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD ALDERFER, et al.,** | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CLEMENS MARKETS, INC.** | : | |
| **RETIREMENT SAVINGS AND** | : | |
| **PROFIT SHARING PLAN 003, et al.,** | : | **No. 10-4423** |
| Defendants. | : | |

## ORDER

AND NOW, this **15th** day of **December, 2011**, upon consideration of Plaintiff's uncontested Omnibus Motion for Class Certification, Appointment of a Class Representative, Appointment of Counsel for the Class, Preliminary Approval of Settlement Agreement and Approval of Notice, it is hereby **ORDERED** that the motion (Document No. 24) is **GRANTED** as follows:

1. **Introduction** - This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Clemens Markets, Inc. Retirement Savings And Profit Sharing Plan 003 (the "Plan"). The terms of the Settlement are set out in the Stipulation of Settlement (the "Stipulation"), executed by counsel on behalf of the Plaintiff and the Defendants.[1]

2. **Class Findings** - Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Stipulation.

as to the "Settlement Class" defined below, in that:

(a) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiff are typical of the claims of the Settlement Class.

(d) The Court preliminarily finds, for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(4), that the Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiff and the members of the Settlement Class; and (iii) the Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e) The Court preliminarily finds for purposes of settlement only that, as

2

required by Fed. R. Civ. P. 23(b)(l)(A), the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action.

(f) The Court preliminarily finds for purposes of settlement only that, as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions, and (iii) have committed the necessary resources to represent the Settlement Class.

3. **Class Certification** - The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23 certifies solely for purposes of settlement only the following class under Fed. R. Civ. P. 23(b)(l)(A) (the "Settlement Class"):

> Excluding Defendants, all persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006, who held Clemens Markets, Inc. stock, directly or through the Clemens Markets Company Stock Fund, as a component of their investment in the Plan.

The Court appoints the Plaintiff as representative for the Settlement Class and Class Counsel as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Stipulation shall not

3

        constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule.

4. **Preliminary Findings Regarding Proposed Settlement** - The Court preliminarily finds that: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiff's claims; (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Stipulation under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

5. **Fairness Hearing** - A hearing is scheduled for **Friday, March 16, 2012 at 10:00 a.m. in Courtroom 13B** (the "Settlement Fairness Hearing") to determine, among other things:

4

  (a) Whether the Settlement merits final approval as fair, reasonable and adequate;

  (b) Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

  (c) Whether the notice method proposed by the Parties: (i) constitutes appropriate notice pursuant to Fed. R. Civ. P. 23(c)(2)(A); (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

  (d) Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

  (e) Whether the proposed Plan of Allocation should be approved; and

  (f) Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiff is fair and reasonable and should be approved.

6. **Class Notice** - The Plaintiff has presented to the Court a proposed form of Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately: (a) describes the terms and effect of the Stipulation, the Settlement

5

and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards up to $12,500 for the Named Plaintiff for his service in such capacity, (c) gives notice to the Settlement Class of the time and place of the Settlement Fairness Hearing, and (d) describes how the recipients of the Notice may object to any of the relief requested. The Plaintiff has proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

(a) No later than ten days from the date of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. The names and addresses Class Counsel obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement.

7. **Objections to Settlement** - Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Award for the Named Plaintiff may file an objection. An objector must file with the Court Clerk a statement of his, her, or its objection(s), demonstrating by evidence that he, she, or

6

it is a member of the Settlement Class and specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or to introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the Court,
United States District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106

*To Class Counsel:*

HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN, PC
Attn: Steven B. Barrett, Esq.
PO Box 1479
375 Morris Road
Lansdale, PA 19107

BOWEN & BURNS
Attn: Michael J. Burns, Esq.
530 Street Road
Southampton, PA 18966

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than **Wednesday, February 15, 2012**. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above

7

and file it with the Court by no later than **Wednesday, February 15, 2012**. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

8. **Appearance at Fairness Hearing** - Any objector who files and serves a timely, written objection in accordance with the requirements above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel (at the addresses set out above) and file it with the Court Clerk by no later than **Wednesday, February 15, 2012**. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except by Order of the Court for good cause shown.

9. **Notice Expenses** - The expenses of printing and mailing all notices required hereby shall be paid from the Settlement Fund.

10. **Service of Papers** - Class Counsel shall promptly furnish Defendants' Counsel with copies of any and all objections that come into their possession.

8

11. **Termination of Settlement** - This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties reached a settlement, if the Settlement is terminated in accordance with the terms of the Stipulation.

12. **Use of Order** - This Order is not admissible as evidence for any purpose against Plaintiff or Defendants in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Stipulation is terminated. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only. Neither the fact of, nor any provision contained in the Stipulation or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth

of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

13. **Final Papers** - All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and expenses by Class Counsel shall be filed no later than ten days before the Settlement Fairness Hearing.

14. **Jurisdiction** - The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

BY THE COURT:

_____
Berle M. Schiller, J.

*needs to be scanned (thanks!)*

# EXHIBIT A

Case 2:10-cv-04423-BMS   Document 27   Filed 03/14/12   Page 16 of 20

Case 2:10-cv-04423-BMS   Document 25-1   Filed 12/16/11   Page 2 of 6
Case 2:10-cv-04423-BMS   Document 24   Filed 12/02/11   Page 11 of 86

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ALDERFER AND ALL THOSE SIMILARLY SITUATED CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN, TRUST A, PARTICIPANTS<br><br>Plaintiffs<br><br>v.<br><br>CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN 003; et al.<br><br>Defendants | Civil Action No. 10-4423<br><br>CLASS ACTION |

## NOTICE OF CLASS ACTION DETERMINATION AND PROPOSED SETTLEMENT

**WHY WAS I SENT THIS NOTICE:** You have been mailed this Notice because you were a participant in the Clemens Markets, Inc. 401(k) Plan, Trust A, which Plan held Clemens Markets, Inc. stock as a part of your investment in this Plan since September 1, 2006. Although you may no longer be a participant or maintain an account in this 401(k) Plan, and although the Plan has been terminated and no longer owns any Clemens Markets, Inc. stock, you may be entitled to share in a sum of money that may be paid to you as part of a proposed settlement. Please read the rest of this Notice to learn how you may recover that share for you and to learn about submitting a claim or objecting to the settlement.

**WHAT IS THIS LAWSUIT ABOUT:** The lawsuit claims that the Defendants, Jack Clemens; Robert Derstine; Robert M. Lavin; Gerald R. Spencer; and Douglas C. Moyer, who were Trustees of the Clemens Markets, Inc. 401(k) Plan, Trust A, breached certain fiduciary duties under the Employee Retirement Income Security Act (ERISA). The lawsuit alleged breach of fiduciary duty under ERISA with respect to the handling and monitoring of the Plan's investment in Clemens Markets, Inc.'s stock and failure to take appropriate steps to protect this Plan's assets, which resulted in Clemens Markets, Inc.'s stock becoming dependent on a significantly decreasing value of real estate owned by Clemens Markets, Inc. The lawsuit further alleged that the Trustees of the Plan failed to keep Plan participants, such as yourself, properly informed of the status and nature of your investment in Clemens Markets, Inc.'s stock.. Finally, the lawsuit claims damages for the loss of value of your investment in the Clemens Markets, Inc. stock fund.

Defendants, Clemens, Derstine, Lavin, Spencer and Moyer, as Trustees of the Plan, deny these claims and allegations, deny that they had committed any violations of ERISA or any other law, assert that such claims and allegations are unfounded and without merit, and deny all

{00829125;v1}

Case 2:10-cv-04423-BMS Document 27 Filed 03/14/12 Page 17 of 20

Case 2:10-cv-04423-BMS Document 25-1 Filed 12/16/11 Page 3 of 6
Case 2:10-cv-04423-BMS Document 24 Filed 12/02/11 Page 12 of 86

charges of wrongdoing or liability. Defendants further deny that the participants in the Plan suffered any damage for which they are responsible.

Counsel for the Class, and counsel for the Trustees have agreed to a proposed settlement of the lawsuit, the terms of which are summarized in this Notice. On _____, 2011, the Court preliminarily approved the settlement of the lawsuit. The Court also conditionally certified the following "Class" for settlement purposes:

> Excluding Defendants, all persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006, who held Clemens Markets, Inc. stock as a component of their investment in this Plan.

The Court ruled that this Notice should be sent out to all members of the Class. The Court did not rule on any of the parties' claims. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by either side.

**WHAT IS THE SETTLEMENT**: The terms of the settlement, which will become effective only if approved by the Court, are set forth in detail in the Settlement Agreement dated _____, which has been filed with the Court. The principal terms and conditions of the Settlement Agreement are summarized below:

The Defendant Trustees have agreed to pay Six Hundred Forty-Two Thousand Five Hundred Dollars ($642,500.00) to settle all claims for persons who owned Clemens Markets, Inc. stock, either directly or indirectly, in their individual Plan accounts. From this amount, it would be necessary to pay attorneys' fees, as approved by the Court, costs of administration, a Five Thousand Dollar ($5,000.00) contribution toward the cost of an independent fiduciary, cost of printing and mailing these Notices, Court costs and reimbursement of costs due Hamburg, Rubin, Mullin, Maxwell & Lupin and Bowen & Burns, and reimbursement to Plaintiff, Gerald Alderfer, who paid the initial retainer fee to the attorneys of Seven Thousand Five Hundred Dollars ($7,500.00), and a Five Thousand Dollar ($5,000.00) incentive award to Mr. Alderfer, as Class Representative, which amount has be to approved by the Court. If all holders of shares are found and participate, they will receive six dollars and eighty-two cents ($6.82) (reduced by attorneys' fees, expenses and costs) for each share of Clemens Markets, Inc. stock that the Plan owned and that was allocated to your account.

In order to determine the number of shares of Clemens Markets, Inc. stock that your Plan account owned as of the date of termination of the Plan on September 30, 2010, multiply the number of units of Clemens Stock Fund that you held on that date times 2.61695 (the conversion factor). For any class member who received a distribution before the Plan termination date (September 30, 2010), please contact (Notice Administrator) for the conversion factor to use to determine the number of shares of Clemens Markets, Inc. stock.

{00829125;v1}
2

Case 2:10-cv-04423-BMS   Document 27   Filed 03/14/12   Page 18 of 20

Case 2:10-cv-04423-BMS   Document 25-1   Filed 12/16/11   Page 4 of 6
Case 2:10-cv-04423-BMS   Document 24   Filed 12/02/11   Page 13 of 86

You are **NOT** personally responsible to pay attorneys' fees, fiduciary fees, incentive fees or other costs or expenses in connection with the settlement. Any such fees or costs will be awarded by the Court and will be deducted from the settlement fund.

**HOW WILL THE SETTLEMENT FUND BE DISTRIBUTED:** If the settlement is approved by the Court and becomes effective, the Settlement Fund, after the deduction of Court approved fees and expenses, will be distributed on a per share basis to members of the Class who are found and have filed accepted Proof of Claim forms. It is possible, but not probable, that each share of stock will receive more than Six Dollars and Eighty-Two Cents ($6.82) per share (less attorneys' fees, expenses and costs) if stockholders owning less than 94,147.637 shares are not found or fail to submit valid Claim Forms. Then the Class Members would share any excess money available in the Settlement Fund that was not claimed by persons participating in the Plan, on a pro rata basis.

**HOW DO I SUBMIT MY CLAIM FORM:** The Claim Form is attached to this Notice. To submit a claim and be eligible to share in the Settlement Fund, you must complete and mail the Claim Form to the address set forth on the Claim Form. The Claim Form must be postmarked on or before _____, 2011.

**WHAT CLAIMS AM I RELEASING:** If the settlement is approved, you will release your claims under the Employment Retirement Income Security Act (ERISA) for breach of fiduciary duty by the Trustees with respect to the handling and monitoring of the Plan's investment in Clemens Markets, Inc. stock. If approved by the Court, every member of the Settlement Class will be bound to the settlement and Release. The terms of the Release would permanently bar and enjoin every member of the Settlement Class, and every member of the Settlement Class' predecessors, successors, agents, representatives, attorneys and affiliates, and any heirs, executors, administrators, successors and assigns from asserting, instituting or bringing any cause of action against the Defendant Trustees in state of federal court. If the Court approves the settlement and enters an Order and Final Judgment, then every member of the Settlement Class shall be deemed to have fully, finally and forever released, relinquished and discharged all of the Defendant Trustees for all claims, whether they be currently unsuspected, unknown or partially known, even if the Releasor does not know or did not know or suspect to exist, a claim in his or her favor at the time of executing the Release, which if had been known by him or her, would or may have materially affected a settlement with the Defendant Trustees.

**HOW CAN I STAY IN THE CLASS AND SHARE IN THE SETTLEMENT FUND:**

If you are a member of the Class, you need not do anything if you desire to remain a member. You will share in the Settlement Fund proceeds, <u>provided you complete and mail a Proof of Claim form to the address set forth in the Claim Form</u>. The Proof of Claim Form is attached to this Notice. **YOU HAVE A RIGHT TO OBJECT TO THE SETTLEMENT, BUT YOU CANNOT BE EXCLUDED FROM THE CLASS IF THE SETTLEMENT IS APPROVED BY THE COURT.** If you do not object to the settlement: (1) you may share in the proceeds of the Settlement Fund; (2) your rights in this litigation will be represented by Class Counsel; and (3) you will be bound by the judgment entered in this litigation, whether favorable or not.

{00829125;v1}

3

Case 2:10-cv-04423-BMS   Document 27   Filed 03/14/12   Page 19 of 20

Case 2:10-cv-04423-BMS   Document 25-1   Filed 12/16/11   Page 5 of 6
Case 2:10-cv-04423-BMS   Document 24   Filed 12/02/11   Page 14 of 86

Class Counsel are:

Michael J. Burns, Esquire
BOWEN & BURNS
530 Street Road
Southampton, PA 18966

Steven B. Barrett, Esquire
HAMBURG, RUBIN, MULLIN,
   MAXWELL & LUPIN, P.C.
375 Morris Road
Lansdale, PA 19446

If you wish, you may enter an appearance in the lawsuit through your own counsel at your own expense. As a member of the Class, you will not be personally responsible for any attorneys' fees or costs of litigation or expenses of administering the Settlement Fund, unless you retain your own counsel, in which case you may be responsible for his or her fees.

In order to share in the Settlement Fund, you must completed and mail your Proof of Claim form to the address set forth in the Claim form by _____, 2011. The Proof of Claim Form is attached to this Notice.

HOW ARE ATTORNEYS' FEES AND EXPENSES PAID: In connection with the Settlement, Class Counsel will ask the Court to pay attorneys' fees, expenses and an incentive award of Five Thousand Dollars ($5,000.00) to the Class Representative from the Settlement Fund. In addition, Class Counsel will ask the Court to reimburse from the Settlement Fund a retainer fee of Seven Thousand Five Hundred Dollars ($7,500.00) which was paid by Gerald Alderfer, the Class Representative. Class Counsel have pursued this litigation and have advanced expenses to the Plaintiff and the Class, without receiving any compensation for their services. They have done so on the understanding that, if they obtained a recovery, their expenses would be reimbursed and they would receive fees from the Fund recovered. Class Counsel will apply for an award of attorneys' fees and expenses. The attorneys' fees requested shall not exceed the sum of One Hundred Ninety-Two Thousand Seven Hundred Fifty Dollars ($192,750.00) which is 30% of the total recovery, plus the incentive award for the Class Representative, reimbursement of retainer fee to the Class Representative, court costs, Five Thousand Dollars ($5,000.00) cost toward the fee of the independent fiduciary, and costs of administration, which include printing, mailing, notice, preparation of tax forms, withholding of taxes, accounting and mailing of settlement checks to each Class Member.

WHEN AND WHERE IS THE SETTLEMENT/FAIRNESS HEARING: The Court has directed that a Settlement Hearing (Fairness Hearing) on the proposed settlement be held before the Honorable Berle M. Schiller, of the United States District Court, in Room 13613, at the United States Courthouse, 601 Market Street, Room 13613, Philadelphia, Pennsylvania 19106 on _____, 2011, commencing at _____ A.M./P.M. to determine whether the proposed settlement is fair, reasonable and adequate and should be approved, and to consider related matters, including the fairness of the proposed plan of distribution of the Settlement Fund, the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and the request for an incentive award to the named plaintiff. Without further written notice to the Class, the Court may adjourn and reconvene the Settlement Hearing from time to time by oral announcement. Also, without further notice, the Court may approve the Settlement Agreement and the plan for distribution with or without

Case 2:10-cv-04423-BMS   Document 27   Filed 03/14/12   Page 20 of 20
Case 2:10-cv-04423-BMS   Document 25-1   Filed 12/16/11   Page 6 of 6
Case 2:10-cv-04423-BMS   Document 24   Filed 12/02/11   Page 15 of 86

modification and may enter, accordingly, a Final Order and Judgment dismissing this action as to the settling Defendant Trustees.

**RIGHT TO BE HEARD:** Any Class Member may appear at the Settlement Hearing in person or by counsel, if an appearance is filed and served as hereinafter provided, and be heard to the extent allowed by the Court in support, or in opposition to, the settlement, the proposed plan of distribution, the request for an award of attorneys' fees and reimbursement of expenses or the request for an incentive award to the named plaintiff. However, no person shall be heard in opposition thereof and no papers or briefs submitted by any such person will be accepted or considered unless, on or before _____, 2011, such person: (a) has filed with the Clerk of this Court a Notice of Intention to Appear, together with a statement of the basis for opposition or objection and any supporting documentation, including evidence indicating that he or she is a member of the Class; and (b) has served copies of such notice, statement and documentation, together with copies of any other papers or briefs filed with the Court, either in person or by mail, upon the following counsel:

| | |
|---|---|
| Michael J. Burns, Esquire | Steven B. Barrett, Esquire |
| BOWEN & BURNS | HAMBURG, RUBIN, MULLIN, |
| 530 Street Road | MAXWELL & LUPIN, P.C. |
| Southampton, PA 18966 | 375 Morris Road |
| | Lansdale, PA 19446 |

Unless the Court otherwise directs, no Class Member shall be entitled to object to the approval of the settlement, the plan of distribution, the request for any award of attorneys' fees and expenses, the request for an incentive award, the judgment to be entered herein, or otherwise to be heard, except by serving and filing written objections, as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall be forever barred from raising such objection in this or in any other proceeding concerning the settlement.

**ADDITIONAL INFORMATION:** This Notice contains a summary of the litigation, the proposed settlement, and related matters. For more detailed information, you or your attorney may examine the Settlement Agreement, as well as the pleadings and other documents filed in this action at the Office of the Clerk of the Federal Court for the Eastern District of Pennsylvania located at 601 Market Street, Philadelphia, Pennsylvania 19106, during regular business hours.

Inquiries may be directed, in writing, to Class Counsel, at the addresses shown above. You may also wish to consult with your own attorney, at your own expense.

Dated: _____

{00829125;v1}

5