IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD ALDERFER, on behalf of himself and all others similarly situated, Plaintiffs, | : : : : | CIVIL ACTION |
| v. | : : | |
| CLEMENS MARKETS, INC. RETIREMENT SAVINGS AND PROFIT SHARING PLAN 003, et al., Defendants. | : : : : | No. 10-4423 |

**ORDER**

**AND NOW**, this **18th** day of **April**, **2012**, upon consideration of Plaintiffs' Uncontested Motion for Final Approval of Settlement Agreement and Plaintiffs' Uncontested Amended Motion for Final Approval of Settlement Agreement, following a fairness hearing on March 16, 2012, and for the reasons stated in this Court's Memorandum dated April 18, 2012, it is hereby **ORDERED** that:

1. This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The class as defined in the Stipulation of Settlement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class representative are typical of the claims of the Class, and the Class representative will fairly and adequately protect the interests of the Class. The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure

has been provided in accordance with the Court's Preliminary Approval Order dated December 15, 2011 and the Court's instructions at the fairness hearing. Such notice by mail and telephone has been given in an adequate and sufficient manner and satisfies Rule 23(e) and due process.

3. The settlement agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

4. The settlement as set forth in the Stipulation of Settlement is fair, reasonable, and adequate to the members of the Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

5. The relief provided under the settlement agreement constitutes fair value given in exchange for the release of the settled claims against the released parties.

6. The motions (Document Nos. 27 and 30) are **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

A. This action is finally certified as a class action on behalf of a settlement class defined as follows:

> Excluding Defendants, all persons located in the United States who are or were participants in the Clemens Markets, Inc. Retirement Savings and Profit Sharing Plan 003, Trust A, since September 1, 2006, who held Clemens Markets, Inc. stock, directly or through the Clemens Markets Company Stock Fund, as a component of their investment in the Plan.

B. Gerald Alderfer is appointed as Class representative and Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C. and Bowen & Burns are appointed as Class counsel pursuant to Fed. R. Civ. P. 23(g).

C. The Court grants final approval to the proposed class action settlement agreement and

the parties are directed to consummate the Stipulation of Settlement in accordance with its terms.

  C. The Complaint is **DISMISSED WITH PREJUDICE** and the Class member claims are deemed released to the extent specified in the Stipulation of Settlement.

  D. Class counsel's request for fees is **GRANTED**. The following costs and counsel fees are approved: attorneys' fees of $192,750 and costs of $7,187.68 to Class counsel, $21,590.30 in administrative expenses for the work of claims administrator Heffler Claims Administration, an incentive award of $5,000 to Gerald Alderfer, and reimbursement for an initial retainer fee of $7,500 to Gerald Alderfer. Costs and counsel fees may be paid from the settlement fund.

  E. The Court shall retain jurisdiction to resolve any disputes that may arise as to the implementation of the settlement agreement or the implementation of this Order. The Court shall also retain jurisdiction for purposes of supervising the implementation of the settlement agreement and supervising the distribution and allocation of the settlement fund.

  F. The Clerk of Court is directed to close this case.

            **BY THE COURT:**

            */s/ Berle M. Schiller*
            **Berle M. Schiller, J.**